■ In the Matter of JONATHAN B. and Another, Children Al-. leged to be Neglected. JOANNE B., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et .al., Respondent. [703 NYS2d 482] —Order, Family Court, New York County (George Jurow, J.), entered on or about July 20, 1998, which, to the extent appealed from, determined, after a fact-finding hearing, that respondent mother had neglected her older son, Jonathan B., and had derivatively neglected her newborn son, James B., unanimously affirmed, without costs.

Family Court's findings of neglect against respondent mother are supported by the requisite preponderance of the evidence (*see*, Family Court Act § 1046 [b]). The credible evidence established that respondent brought her two-year-old son to a school from which he had previously been terminated and demanded that he be admitted. When her demand was denied, respondent left the school abruptly, her son walking behind her. Soon thereafter the child, who was developmentally delayed, was found wandering alone on a street, near a busy intersection. Respondent mother was observed at that time a considerable distance from her son pushing an empty stroller. In addition to the evidence of this incident, other evidence in the record, indicative of a pervasive failure on respondent's part to respond to the needs of her developmentally delayed child, was also probative of respondent's deficiencies as a caretaker. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.

■ NOEMI CUEVAS, Respondent, v PERFECTO ESCALET et al., Appellants, et al., Defendants. [704 NYS2d 466] —Appeal from order, Supreme Court, Bronx County (Gerald Esposito, J.), entered July 16, 1999, which granted plaintiff's motion to compel defendants to, *inter alia*, immediately vacate the subject premises, unanimously dismissed, with costs payable to plaintiff-respondent by defendants-appellants.

The appeal must be dismissed since the order brought up was granted on default (CPLR 5511), and, indeed, defendants have never made an appearance in the action. Defendants' remedy, if any, is to move to vacate their default. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.